**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Lawrence S. Walter
United States Bankruptcy Judge

**Dated: March 06, 2013**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IN RE:<br>    Shirley Magee<br><br>                                        Debtor | CASE NO: 12-35335<br>           (Chapter 13)<br><br>JUDGE LAWRENCE S. WALTER |

ORDER CONFIRMING CHAPTER 13 PLAN AND
ORDER ALLOWING ATTORNEY FEE FOR DEBTOR'S COUNSEL

The matter coming before the court in respect to confirmation of the debtor's Chapter 13 Plan, the Court finds that the Plan complies with the provisions of Chapter 13 of Title 11 U.S.C. and other applicable provisions of that title; that if the plan provides for payments over a period longer than 36 months that good cause has been shown for such longer period of time, not to exceed sixty months, and that the plan should be confirmed.

IT IS ORDERED THAT:

1.   the debtor's plan filed November 19, 2012(Doc. # 2) is confirmed,  and that Agreed Orders of January 22, 2013 (Doc. # 26) , February 27, 2013 (Doc. # 38)  which are part of the case file are incorporated in and made a part of this confirmation order;

2.   the interest rate provided by the Plan for Class 2 claims shall be 4.75% based on the National prime rate plus the appropriate risk factor. The rate will be determined as published in the WALL STREET JOURNAL for Money Rates as of approximately March 01, 2013, unless a different interest rate is provided by the plan or separate orders;

3.   the debtor is scheduled to pay   $3,600.00   MONTHLY

until adjusted as provided by the plan to the Chapter 13 Trustee's lockbox at:

> JEFFREY M KELLNER
> CHAPTER 13 TRUSTEE
> 1722 SOLUTIONS CENTER
> CHICAGO, IL 60677-1007

the Plan must project for thirty-six (36) - sixty (60) months if Below Median Income and sixty (60) months if Above Median Income, unless 100%, until the allowed unsecured claims are paid not less than 10.00%;

4. debtor's counsel, WAYNE P NOVICK, having made application for attorney fees in connection with this case and the court, after consideration thereof, orders that the initial interim award of attorney fees in the amount of $3,500.00 be allowed, with $2,000.00 having been paid and retained by counsel with a balance of $1,500.00 to be paid pursuant to L.B.R. 2016-1(c).

5. all property of the debtor and of the estate as defined by 11 U.S.C. 1306(a) is within the exclusive jurisdiction of the Court and the debtor shall not without written consent of the Chapter 13 Trustee or order of the Court sell or otherwise dispose of or transfer such property other than in accordance with the terms of the confirmed plan;

6. all property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate;

7. any creditor who has an allowed secured claim secured by a motor vehicle, owned by the debtor, which has a value in excess of $750.00 is authorized to make a reasonable contact with the debtor to determine insurance coverage if the creditor has reasonable cause to believe the vehicle is not insured to the amount of the unpaid claim;

8. the debtor shall not incur additional, non-emergency, consumer debt in excess of $1,000.00 without written approval of the Court or the Trustee;

9. any motion to amend or modify this confirmed Chapter 13 Plan shall comply with LBR 3015-2;

10. the debtor shall notify the Chapter 13 Trustee in writing if the debtor's place of employment changes and the name and address of the new employer;

11. the Trustee may notify any entity from whom the debtor receives income from wages to pay all or any part of such income to the Trustee as is necessary for the execution of the plan, or to cease payment of all or any part of such income to the Trustee;

12. the Chapter 13 Trustee shall charge such percentage fee as fixed from time to time by the United States Attorney General;

13.  the confirmation order does not bind the Trustee as to the form of the debtor payments, regardless of the debtor's proposed method of plan payment, unless there is a specific court order which otherwise provides;

IT IS SO ORDERED.

**Distribution:**
All Creditors And Parties In Interest.

1235335_27_20130301_124418_059/T191_sm
###